Uddin v. Garland

BIA
Thompson, IJ
A206 675 323

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of October, two thousand twenty-two.

PRESENT:
> JON O. NEWMAN,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

ALAUDDIN UDDIN,
> *Petitioner,*

v.                                                          **20-3618**
                                                            **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                Khagendra Gharti-Chhetry, New
                               York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Jessica D. Strokus, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Alauddin Uddin, a native and citizen of Bangladesh, seeks review of a September 28, 2020 decision of the BIA, affirming a September 13, 2018 decision of an Immigration Judge ("IJ"), denying Uddin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Alauddin Uddin*, No. A206 675 323 (B.I.A. Sept. 28, 2020), *aff'g* No. A206 675 323 (Immigr. Ct. N.Y. City Sept. 13, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The IJ did not abuse his discretion in denying a continuance for Uddin to submit

2

corroborating evidence, and substantial evidence supports the agency's determination that Uddin was not credible as to his claim that Awami League members attacked him on account of his political activities with the Bangladesh Nationalist Party ("BNP").

We review the denial of a continuance "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29 (effective until Jan. 14, 2021). The IJ did not abuse his discretion in declining to delay proceedings to provide Uddin additional time to obtain and present corroborating documents, given that he had been instructed to submit such evidence multiple times and had more than four years to do so. *See Morgan*, 445 F.3d at 553; *cf. Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) (providing that "the alien bears the ultimate burden of introducing such evidence without prompting from the IJ").

We review the agency's adverse credibility determination for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator

3

would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

The IJ reasonably relied in part on Uddin's demeanor, noting that his testimony was repeatedly unresponsive. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). We generally defer to an IJ's assessment of demeanor. *See Majidi v. Gonzales*, 430 F.3d 77,

4

81 n.1 (2d Cir. 2005) (recognizing deference due to the trier of fact's assessment of demeanor); *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) ("We give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor, in recognition of the fact that the IJ's ability to observe the witness's demeanor places [the IJ] in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question."). Moreover, the demeanor finding is supported by the record, which shows that Uddin was unresponsive when asked to describe one of his attacks, and, among other questions, whether he went to the police only once on a certain date, why he had not obtained corroborating evidence earlier, and when he was threatened.

The IJ's demeanor finding, and the adverse credibility determination as a whole, are further supported by Uddin's inconsistent statements regarding (1) whether he was attacked two or three times, (2) whether those attacks occurred two years before he left Bangladesh in 2014 or mere days before his departure, (3) whether he made a report to police after

5

his first attack in January or in March after all the attacks, and (4) whether Awami League members locked his store in an attempt to extort him. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *cf. Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Although a minor date discrepancy need not impugn an applicant's credibility, *see Diallo v. I.N.S.*, 232 F.3d 279, 288 (2d Cir. 2000), these inconsistencies were not minor since they concern whether his attacks occurred mere days before he fled the country or two years beforehand. Uddin did not compellingly explain the inconsistencies. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Having questioned Uddin's credibility, the agency reasonably relied further on his failure to rehabilitate his credibility with any documentary evidence corroborating his claims, despite having more than four years to obtain such

6

evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

The demeanor finding, inconsistencies, and lack of corroboration provide substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). That adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<pre>
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
</pre>